■ Dorothy Villa et al., Appellants, v Alice M. Vetuskey, Respondent. Carmella Villa et al., Appellants, v Alice M. Vetuskey, Respondent.— Judgment reversed, on the law and facts, and a new trial granted, with costs, to abide the event. Memorandum: Plaintiffs appeal from a judgment entered on verdicts of no cause for action, dismissing their complaints in actions arising out of an intersection automobile accident. The plaintiff, Anselmo Villa, with his wife Carmella and daughter-in-law Dorothy as passengers, was driving northerly on Culver Road in Rochester toward its intersection with Culverton Drive when defendant's automobile entered the intersection from plaintiff's right, and the cars collided. Plaintiffs assert that erroneous rulings and statements by the court require a reversal and a new trial. We agree. The trial court incorrectly refused to accept evidence that Culver Road was an arterial highway because there was no signal light at the intersection and no stop sign for Culverton Drive traffic at the intersection. In the plaintiffs' offer of proof, improperly excluded by the trial court, the senior traffic engineer of Monroe County testified that his department controlled and maintained all traffic engineering apparatus and hardware and classified all roads and highways within the city and county. The classification is based primarily on the volume of traffic the road carries and the type of traffic control employed on the various streets. Roadways are classified as thruways, expressways, arterials, collectors and local streets. He stated that Culver Road where the vehicle in which plaintiffs were passengers was proceeding was an "arterial" or "through" street—the terms are basically synonymous. Culver Road appears on the comprehensive master plan of the City of Rochester as an existing major arterial and it is so designated. The significance of an arterial designation is that it is one that distributes traffic to other collector streets or local streets, the nature of the highway being that it does serve through traffic. Culver Road has been a "designated street" which is defined as one that would have the right-of-way within the City of Rochester for at least 13 years. As noted there was no signal light or traffic control device at the intersection, but the expert witness testified that "Normally we do not place a control device at an intersection where it is not warranted. The warrants for control, that is,

yield *control or stop control*, are dictated by the Federal Manual of Uniform Traffic Control Devices, whereby an intersecting street must carry a certain volume of traffic to warrant the control. If it does not carry that volume then we do not habitually place the control." The refusal by the trial court to accept this offer of proof was duly excepted to. The Trial Judge charged subdivision (b) of section 1140 of the Vehicle and Traffic Law which provides that "When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right." The trial court went on to charge that this subdivision applied where all things are equal. Such is a correct statement of the rule. However, the Trial Judge failed to charge subdivision (c) of the same section which provides that "The right of way rules declared in subsections (a) and (b) are modified at *through highways* and otherwise as stated in this title" (emphasis supplied). The balance was not equal in this case as plaintiffs' vehicle was on a through highway and defendant's vehicle on a local street and hence, the rule charged needed to be modified under the Vehicle and Traffic Law to show plaintiffs' vehicle's precedence. Since the trial court excluded the offer of proof establishing this fact, the jury did not have the facts before it for the court to so charge. The law is clear. The favored driver at an intersection has the right to assume that persons approaching in the disfavored direction at the same time will recognize his right of way and yield to him (1 NY Auto Law, § 413, p 358). As succinctly stated in Pattern Jury Instructions, if there is no stop sign, as here, the defendant driver's "rights and obligations depend upon whether he is aware that the highway he is approaching is a *through highway*. If he is, the fact that the stop sign is missing or obscured is irrelevant" (1 NY PJI 237; emphasis supplied). The defendant, Alice Vetuskey, testified that she was familiar with Culver Road and, in fact, the street she lives on is "off Culver". We find no indication of bias against plaintiffs on the part of the Trial Justice. But the error in the court's charge was compounded when the court made a comment on the testimony of a disinterested witness who testified that he observed the defendant's vehicle drive out of the two-lane road into the intersection going around 30 or 35 miles an hour and that it never slowed up. The disinterested witness' testimony was favorable to the plaintiff passengers. The witness testified, however, that when he was 50 feet from the intersection he observed the collision and stopped 40 feet from the intersection. Obviously one cannot stop a vehicle within 10 feet and the statement was clearly incorrect. Nonetheless the trial court's comments when explaining the matter of "credibility" recalled this testimony to the jury's mind and stated "Obviously the man wasn't lying, he had no reason to. It had no bearing on this accident. But it is an example that I gave you of the kind of effort you must make in determining whether or not a witness impressed you as being credible on any given issue." Such a comment might well have conveyed to the jury the impression that the trial court believed that the witness was not telling the truth. The trial court's comments were particularly ill chosen in view of the fact that the record reveals that on redirect examination when the witness was specifically asked if he brought his truck to a stop within 10 feet he replied "Well, I don't know how far" and "I ain't going to say if it is ten feet because I didn't measure." Further, the trial court improperly permitted defendant's attorney to read from plaintiff's examination before trial of defendant after plaintiff finished reading some portions thereof. In this situation the defendant should have been required to wait until the plaintiff had rested, when the defendant should then be allowed to read the rest of the deposition in his own case.

Finally, in charging responsibility of the parties for negligent conduct, the court added, "There can be accidents where no one is responsible. If no one is responsible and no one was negligent, then there is no cause of action in any direction." After the charge, plaintiffs objected to this statement. The principle thus stated by the court was correct; but since there was no evidence in this case that the collision was unavoidable, the statement was improper and should not have been made to the jury. We conclude, therefore, that the errors require a new trial. All concur except Witmer, J., who dissents and votes to affirm the judgment in the following memorandum: In view of the court's charge, the exclusion of the expert's testimony that Culver Road is an arterial highway was harmless error. The court acceded to the request made by appellants' counsel to amplify its charge concerning the parties' respective rights of way at the intersection, and no exception was taken to that charge. Such other errors claimed by appellants were harmless. On this record the jury's verdict of no cause for action should not be disturbed (see *Jemison v Goodman,* 49 AD2d 1011). (Appeal from judgment of Monroe Supreme Court in automobile negligence action.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.