■ ROBERT MAYS, Respondent, v JAMES J. WEIMAN et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Queens County, entered December 13, 1978, which was in favor of the plaintiff in the principal sum of $17,500, upon a jury verdict. Judgment affirmed, with costs. It is conceded that the stop sign on the northeast corner, which controlled defendants' westbound vehicle, was missing. Nevertheless, the "rights and obligations [of the servient driver] depend upon whether he is aware that the [street] he is approaching is a through [street]. If he is, the fact that the stop sign is missing or obscured is irrelevant" (I PJI [2d ed], p 237). The evidence that

the defendant driver knew or should have known that the street he was approaching was a through street was not incredible and was sufficient to support the verdict of liability. The charge as to the stop sign was proper in that it fairly called to the jury's attention the issue of whether the defendant driver knew or should have known that he was approaching a through street, even in the absence of a stop sign. The award of $10,000 for lost future earnings was not excessive. Plaintiff played the guitar with his left hand and the guitar was his avocation and part-time vocation. He suffered fractures of the third and fourth metacarpals of his left hand, which undoubtedly affected his playing. We believe that the award properly reflected the jury's belief that although plaintiff would probably never be a "professional success", he would have continued to perform for some time for the comparatively modest sums he had been receiving. Rabin, J. P., Cohalan, Margett and Gibbons, JJ., concur.