■ ANNIE BALY, Appellant, v CHRYSLER CREDIT CORP. et al., Respondents. (Action No. 2.) VIVIAN SMALL, Appellant, v CHRYSLER CREDIT CORP. et al., Respondents. (Action No. 1.) — In a consolidated negligence action to recover damages for personal injuries, plaintiff Vivian Small in Action No. 1, and plaintiff Annie Baly in Action No. 2, appeal, as limited by the brief of Annie Baly, from so much of an order of the Supreme Court, Kings County (Morton, J.), dated November 15, 1982, as denied plaintiff Small's cross motion and plaintiff Baly's motion for summary judgment on the issue of liability. Order reversed insofar as appealed from, on the law, with one bill of costs, and plaintiffs' motion and cross motion granted. On August 29, 1981 plaintiffs Vivian Small and Annie Baly were passengers in an automobile driven by defendant Dwayne R. Small. The car had been rented on August 28, 1981, from defendant Dollar Rent A Car Systems, Inc., and was owned by defendants Chrysler Credit Corp. and Drac Metro Car Leasing Corp. In the early morning hours of August 29, 1981, on Interstate 95, southbound, in Hanover County, Virginia, the automobile driven by defendant Small was involved in an accident when Small fell asleep at the wheel. At the time of the accident Small had not slept for about 22 hours, although he had rested a number of times before and during the trip. Two actions were commenced against defendants. The complaints alleged that plaintiffs were injured "solely and wholly by reason of the negligence, carelessness and recklessness of the defendants in the

ownership, operation, maintenance and control of their aforesaid motor vehicle." Defendants' answers denied any negligence, and asserted a defense that plaintiffs were not wearing seat belts at the time of the accident. The answers did not allege that the plaintiffs were guilty of any other culpable conduct. Plaintiffs then separately moved for summary judgment. The moving papers were supported by the full examination before trial of defendant Small, in which he admitted to having fallen asleep at the wheel, and an affidavit by plaintiff Baly stating that she was a passenger in the automobile and was seriously injured. Defendants' attorney submitted an affirmation in opposition to the motions alleging that the plaintiffs were guilty of culpable conduct, with exhibits which contained excerpts from the examinations before trial of defendant Small and plaintiff Baly. No affidavit of defendant Small was submitted in opposition to the motions. Special Term denied the motions for summary judgment, without opinion. The court also denied defendants' motion to amend their answer to plead plaintiffs' culpable conduct, with leave to renew. The motions for summary judgment should have been granted. In determining a motion for summary judgment, the court must ascertain whether there are any triable issues of fact in the proof laid bare by the parties' submissions of affidavits based on personal knowledge and documentary evidence, rather than in conclusory or speculative affidavits (*Behar v Ordover,* 92 AD2d 557). The opponent of a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim (*Zuckerman v City of New York,* 49 NY2d 557, 562, and cases cited therein). Defendants' attorney submitted an opposing affirmation alleging culpable conduct on the part of the plaintiffs. Despite the fact that annexed to the affirmation are excerpts of examinations before trial of two of the persons involved in the accident, the facts contained in the excerpts are insufficient to satisfy the evidentiary proof requirement set forth in *Zuckerman v City of New York (supra).* Nor was an affidavit by defendant Small or any other party with personal knowledge of the accident submitted in support of defense counsel's conclusory allegations of plaintiffs' culpable conduct. Under these circumstances, plaintiffs' right to summary judgment, as a matter of law, on the issue of liability was established (*Stanley v Burnside,* 20 Misc 2d 932, affd 10 AD2d 652, mot for rearg den 11 AD2d 945). The order must therefore be reversed, insofar as appealed from, and the motions granted. Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.