SECOND DEPARTMENT, SEPTEMBER 1986

(September 2, 1986)

■ JOHN ROSS et al., Plaintiffs, v PAT BAKER, Defendant and Third-Party Plaintiff-Respondent. BILL ROSS & SONS ROOFING, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Corso, J.), dated April 10, 1984, which denied its motion for summary judgment dismissing the third-party complaint.

Justice Thompson has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Order modified, on the law, by deleting the provision thereof which denied that branch of the third-party defendant's motion for summary judgment which was to dismiss the cause of action which alleges a violation of Labor Law § 240, and substituting therefor a provision granting that branch of the motion. As so modified, order affirmed, without costs or disbursements.

On April 13, 1980, the plaintiff John Ross and his father William Ross, both roofers, were erecting a second-story room over the defendant's flat-roofed garage. One of the four-by-four corner posts which they installed on the flat roof of the garage to support the new structure collapsed through the roof of the garage which, at that spot, had been rotted from the rain. As a result, the new structure collapsed and the plaintiff John Ross fell to the ground, suffering injuries.

Subsequently, the plaintiffs commenced an action against the defendant alleging that she was negligent and had violated Labor Law §§ 240 and 241. Thereafter, the defendant commenced a third-party action against the partnership known as Bill Ross & Sons Roofing (in which the plaintiff

John Ross was a partner along with his brother and his father William Ross) charging the partnership with negligence and violations of Labor Law §§ 240 and 241.

Insofar as is relevant herein, the third-party complaint alleged a violation of Labor Law § 240 in that the "third party defendant failed and neglected to provide, or cause to be erected or furnished for the use of the plaintiff John Ross, and others similarly employed on premises 126 Paula Boulevard, Selden, N. Y., safe and proper scaffolding, or other safety devices, so constructed, or operated so as to give proper and adequate protection to workmen working on the premises as aforesaid".

After joinder of issue, the third-party defendant moved for summary judgment dismissing the entire third-party complaint.

With respect to Labor Law § 240, the third-party defendant submitted excerpts from examinations before trial of William and John Ross, as well as an affidavit from William Ross which indicated that (1) they were experts in the roofing business, (2) they used all the tools and equipment that were necessary for that particular job, i.e., "[l]adders, saws, levels, squares", (3) the tools and equipment used were in good and workmanlike condition, and (4) scaffolding was not necessary for the work.

Special Term denied the third-party defendant's motion for summary judgment in its entirety.

It has been consistently held that the opponent of a motion for summary judgment, in order to withstand the motion, must tender evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim (see, Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068; Beare v Byrne, 103 AD2d 814, affd 67 NY2d 922; Baly v Chrysler Credit Corp., 94 AD2d 781, 782). As the court stated in Baly v Chrysler Credit Corp. (supra, p 782): "In determining a motion for summary judgment, the court must ascertain whether there are any triable issues of fact in the proof laid bare by the parties' submissions of affidavits based on personal knowledge and documentary evidence, rather than in conclusory or speculative affidavits".

In the instant case, in support of its motion for summary judgment the third-party defendant submitted evidentiary proof from William and John Ross, who were experts in the field of roofing and had personal knowledge of the facts, which

indicated that the third-party defendant had not violated Labor Law § 240. The conclusory affirmation of the attorney for the defendant third-party plaintiff was clearly insufficient to withstand the motion for summary judgment insofar as it related to the cause of action in the third-party complaint alleging a violation of Labor Law § 240.

However, attached to the affirmation of the attorney for the defendant third-party plaintiff were portions of the latter's examination before trial which indicated that the third-party defendant had prior knowledge that water collected on the garage roof and was aware of the possibility that the garage roof was damaged. Accordingly, a question of fact existed regarding the causes of action asserted in the third-party complaint alleging negligence and a violation of Labor Law § 241.

The order appealed from has therefore been modified accordingly.

We have examined the remaining arguments raised by the third-party defendant and find them to be without merit *(Haimes v New York Tel. Co.,* 46 NY2d 132; *Dole v Dow Chem. Co.,* 30 NY2d 143). Mangano, Thompson and Weinstein, JJ., concur.

Lazer, J. P., concurs in part and dissents in part and votes to affirm the order appealed from, with the following memorandum: During the era when the owners of one- and two-family homes were still responsible for Labor Law violations on their property, such a homeowner contracted for some roofing repairs with a roofing company which was a two-man partnership. While working on the homeowner's roof, one of the partners fell through it. He sued the homeowner alleging negligence, violation of Labor Law § 241 (6) (safe place to work) and violation of Labor Law § 240 (2) (failure to provide scaffolding and other safety devices). Seeking contribution, the homeowner impleaded the roofing company, alleging negligence and the same violations of the Labor Law. Special Term denied the roofing company's motion for summary judgment dismissing the homeowner's third-party complaint.

On this appeal, the majority correctly finds no merit in the roofing company's contentions concerning the claims of negligence and violation of Labor Law § 241 (6). My colleagues have voted, however, to grant summary judgment dismissing the homeowner's Labor Law § 240 claim largely because the affirmation in opposition by the homeowner's lawyer relied on hearsay advice from an unnamed expert for the contention

that scaffolding was necessary for the proper protection of those working on the roof. While I agree that the affirmation does not meet the burden of a party opposing summary judgment, an issue of fact still exists as to the need for scaffolding or other safety devices.

What I rely on in voting to let the claim under Labor Law § 240 stand are the declarations of the roofing company's partner John Ross who is a plaintiff who sued the homeowner. In his complaint and verified bill of particulars, this partner asserts that the homeowner should have provided scaffolding and other safety devices. Under the statute, it is also the obligation of contractors to supply scaffolding or other necessary safety devices. At the trial, the statements the plaintiff John Ross has made in his complaint and bill of particulars concerning the need for this type of protection may well be receivable in evidence as admissions of the contracting company in which he is a partner (see, Partnership Law § 22). The fact that the plaintiff John Ross has brought a personal lawsuit does not necessarily immunize his partnership from the effect of his statements in that lawsuit.

With one partner of the roofing company swearing there was a need for scaffolding and other safety devices and the partnership entity denying that there was any such need, it seems to me that there is a fact issue as to the validity of the claim for contribution based on violation of Labor Law § 240. For that reason, I vote to affirm denial of summary judgment.