■ MICHAEL LEVITT, Appellant, v COUNTY OF SUFFOLK et al., Defendants, and TOWN OF HUNTINGTON, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated May 5, 1987, as granted the motion of the defendant Town of Huntington for summary judgment dismissing the complaint against it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff was injured when his motorcycle collided with an automobile driven by the defendant Virginia M. Smith at the "T" intersection of Roundtree Drive and the South Service Road to the Long Island Expressway. A stop sign is located on Roundtree Drive approximately 45 feet from the intersection. The defendant Smith, who had lived in the subdivision whose entrance was adjacent to the intersection for seven years and was thus very familiar with the intersection, testified at an examination before trial that before turning left onto the

South Service Road, she stopped at a traffic island at the intersection from which she had an unobstructed view approximately 300 feet to the left before proceeding with her turn.

The court properly granted summary judgment to the defendant Town of Huntington. Smith's unrebutted testimony at her examination before trial established that there was no causal nexus between the placement of the stop sign or the manner in which it was maintained and the happening of the accident. In order for a municipality to be held liable for negligently maintaining a stop sign, it must be shown that such negligence was the proximate cause of an accident *(see, Applebee v State of New York,* 308 NY 502, 506).

Once the party requesting summary judgment has come forward with sufficient proof to warrant the awarding of such relief as a matter of law, the burden shifts to the opposing party to raise facts sufficient to require trial of any issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Sufficient proof has been defined as affidavits based upon personal knowledge and documentary evidence *(see, Baly v Chrysler Credit Corp.,* 94 AD2d 781).

At bar, the plaintiff, in opposition to the motion, produced only an attorney's affirmation and an affidavit of an expert in accident reconstruction whose opinion was based upon photographs of the scene and his review of depositions. Such speculation, grounded in theory rather than fact, is insufficient to defeat a motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, *supra; Baly v Chrysler Credit Corp.,* 94 AD2d 781, *supra).* Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.