■ JANE PLANTIKOW et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an amended judgment of the Supreme Court, Queens County (Posner, J.), dated July 30, 1990, as granted a new trial on the issue of damages, the defendants City of New York and Thomas O'Donnell cross-appeal from so much of the amended judgment as, upon a jury verdict, found the City of New York 25% at fault and Thomas O'Donnell 30% at fault in the happening of the accident, and the defendant Robert Steele cross-appeals from so much of the amended judgment as found him 45% at fault in the happening of the accident.

Ordered that the cross-appeal by Robert Steele is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the amended judgment is modified, on the law, by deleting the provisions thereof finding the defendant City of New York at fault in the happening of the accident and apportioning fault among the defendants; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from by the municipal defendants, without costs or disbursements, and the matter is remitted to to the Supreme Court, Queens County, for a new trial in accordance herewith.

The plaintiffs in this case were passengers in a car driven by the defendant Robert Steele. Testimony established that Steele was driving on Murray Street in Queens, southbound toward the intersection with Bayside Avenue. At the intersection with Bayside Avenue, right-hand-turning traffic was directed into a separate lane, controlled by a stop sign. Through traffic was normally controlled by a stop sign as well, but the sign was missing on the night of the accident. A previous accident at the intersection had been duly reported to the appropriate authorities, as was the fact that the stop sign was missing.

Confused by the absence of a stop sign, Steele allegedly stopped some distance back, then accelerated slowly up to and through the intersection. As he passed through the intersection, his car was struck by a police car driven by the defendant Thomas O'Donnell. Steele's passenger Susan Plantikow was severely injured, and her sister Jane, who was also a passenger in Steele's vehicle, was also injured.

The jury was instructed that Steele was negligent if he knew or should have known that (1) Bayside Avenue was a through street, and (2) he was required to stop at the intersection of Bayside Avenue and Murray Street. The City requested a charge that the absence of the stop sign was not a proximate cause of the accident if Steele knew or should have known that he was required to stop at the intersection. This request was denied, and the court told the jury that the City's contentions were that the accident was caused by Steele's negligence in stopping before the intersection and failing to stop again at the intersection, and that the absence of the stop sign was not a proximate cause of the accident. The jury found Steele 45% at fault, the City 25% at fault, and O'Donnell 30% at fault in the happening of the accident.

Under the facts of this case it was an error for the court to refuse to give the City's requested charge. It is likely that the jury's finding of liability against Steele arose from its determination that Steele had actual or constructive knowledge that Bayside Avenue was a through street. If this is the case, the absence of the stop sign had no effect on Steele's conduct and the City should not be liable (see, Applebee v State of New York, 308 NY 502). The finding of liability against the City would then be insupportable.

Because the charge as given created a substantial risk that the verdict was thus flawed, there must be a new trial to determine the fault of the City, if any, which contributed to

the happening of the accident. The appeal presents no issues that bear on O'Donnell's liability, and Steele has abandoned his cross appeal from the liability verdict. Thus, the finding that the individual defendants were to some degree at fault must remain undisturbed. At the retrial, however, the jury must reapportion liability among those parties found to be responsible.

The plaintiffs now seek to avoid a new trial on damages by giving the parties an opportunity to consider stipulating to the modifications of the damages verdict which the trial court had found appropriate. However, the defendants' refusal to stipulate to an increase in Jane Plantikow's damages leaves her with no cognizable remedy in this Court. Susan Plantikow failed to stipulate to a remittitur of her damages in the time specified by the trial court. Therefore, the plaintiffs' claims are without merit. Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.