■ DEAN S. TRAVALINO et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 78887.) [609 NYS2d 348] —In a claim to recover damages for personal injuries, the claimants appeal from a judgment of the Court of Claims (Bell, J.), dated February 25, 1992, which, after a nonjury trial on the issue of liability only, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant Dean S. Travalino was injured when he lost control of his vehicle while crossing the border from Connecticut to New York on Route 123 in Westchester County. He

testified that it was very foggy and he was following the double yellow line in the center of the road. As he crossed the border, the yellow line "just stopped" causing him to lose his orientation on the roadway and strike a utility pole. The claimants alleged that the State was negligent in maintaining the roadway because the centerlines had been obscured by repairs and the State failed to repaint the lines.

"It is well established that the State is not an insurer of the safety of its roads and no liability will attach unless the ascribed negligence of the State in maintaining its roads in a reasonable condition is a proximate cause of the accident" (*Andrews v State of New York*, 168 AD2d 474, 475; *see also, Stanford v State of New York*, 167 AD2d 381). Contrary to the claimants' contention, the photographic evidence does not clearly establish that the centerlines had been obscured. Moreover, the evidence does not support the claimants' theory that the lack of visible lines produced disorientation and caused the injured claimant to drive his vehicle off the roadway into a utility pole. Accordingly, we agree with the Court of Claims that the claimants failed to meet their burden of establishing that the condition of the roadway was the cause of the accident (*see, Andrews v State of New York, supra*). Mangano, P. J., Miller, Hart and Florio, JJ., concur.