■ JOHN PATEMAN, Respondent, v ESTER ASARO et al., Defendants, and TOWN OF SMITHTOWN et al., Appellants. [610 NYS2d 72] —In an action to recover damages for personal injuries, the defendants Town of Smithtown and the County of Suffolk separately appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 7, 1992, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, the appellants' motions are granted and the complaint and all cross claims are dismissed insofar as asserted against the appellants; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff, who was driving a motorcyle, collided with a Ford Bronco owned by Ester Asaro and operated by the defendant Anthony Asaro. The plaintiff commenced the instant action to recover damages for personal injuries against the defendant municipalities and the individual defendants. Subsequently, the plaintiff settled with the individual defendants. Thereafter, the municipal defendants separately moved for summary judgment dismissing the complaint and any cross claims insofar as asserted against them.

The Supreme Court denied the municipal defendants' motions on the ground that triable issues of fact existed. We disagree.

In order for a municipality to be liable for negligently maintaining road signs or barricades it must be shown that such negligence was a proximate cause of the accident *(see, Applebee v State of New York,* 308 NY 502, 506; *see also, Levitt v County of Suffolk,* 145 AD2d 414). Here, the evidence revealed that Asaro was very familiar with the fact that

Steuben Boulevard had been closed and there was no evidence that he was confused by the condition of any signs or barricades at Steuben Boulevard. Accordingly, even assuming arguendo, that the municipalities were negligent in maintaining the signs and barricades there was no possibility that a jury could find that the condition of warning signs or barricades on Steuben Boulevard was a proximate cause of the accident (see generally, Plantikow v City of New York, 189 AD2d 805, 806). Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.