■ ERIC S. BELONZI, Appellant, v TOWN OF BROOKHAVEN, Respondent, et al., Defendant. [641 NYS2d 892] —In an action to recover damages for personal injuries, the plaintiff appeals from

an order of the Supreme Court, Suffolk County (Oshrin, J.), dated January 27, 1995, which granted the motion of the defendant Town of Brookhaven for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when his vehicle collided with another vehicle at an intersection in Patchogue, New York. Although the intersection was controlled by a stop sign, the plaintiff contends that he did not stop because the sign was obscured by a parked car due to the negligence of the defendant Town of Brookhaven (hereinafter the Town) in placing the sign at an improper height (five feet instead of seven feet). The plaintiff further contends that such negligence was a proximate cause of the accident. The Supreme Court granted the motion of the Town for summary judgment. We now affirm.

Where, as here, a traffic safety matter is expressly committed by statute to the discretion of the municipality, and the municipality exercises that discretion in accordance with the statute's terms, the governmental body is protected against charges of negligence by the doctrine of qualified immunity so long as its traffic safety decision had a rational basis and was not plainly inadequate (*see, e.g., Weiss v Fote,* 7 NY2d 579; *Harford v City of New York,* 194 AD2d 519; *cf., Burgess v Town of Hempstead,* 161 AD2d 616; *Alexander v Eldred,* 100 AD2d 666, *affd* 63 NY2d 460).

In the case at bar, the applicable regulation expressly provided that the Town *could* post its stop signs at a height of five feet above the roadway on a "conventional highway" wherever it considered that it would be "unlikely that signs would interfere with pedestrians, or be obscured by parked vehicles" (Manual of Uniform Traffic Control Devices [17 NYCRR 201.5 (f) (2) (ii)]). Accordingly, the Town had a rational basis, as well as a justifiable reason, for deviating from the recommendation that signs be posted at a height of seven feet above the roadway (*see,* Manual of Uniform Traffic Control Devices [17 NYCRR 201.5 (f) (2) (ii)]).

In any event, aside from conjecture, the plaintiff presented no evidence that the stop sign was obscured. Indeed, all of the evidence in the case indicates that the stop sign was clearly visible, and that the accident was caused by the plaintiff's own reckless behavior in speeding into the intersection without stopping or slowing down (*see, e.g., Travalino v State of New York,* 203 AD2d 276; *Demesmin v Town of Islip,* 147 AD2d 519; *Levitt v County of Suffolk,* 145 AD2d 414). Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.