■ CESAR A. MENDEZ, Also Known as ALFRED H. RODRIGUEZ, Respondent, v TOWN OF ISLIP, Appellant, JUAN RIVAS, Respondent, et al., Defendants. [762 NYS2d 901] —In an action to recover damages for personal injuries, the defendant Town of Islip appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Suffolk County (Jones, J.), entered September 19, 2001, as, upon the denial of its motion for judgment as a matter of law, made at the close of the evidence, and upon a jury verdict finding it 65% at fault and finding the defendants Juan Rivas and Fernando Flores 35% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Town of Islip, and the action against the remaining defendants is severed.

On June 12, 1997, the plaintiff, a pedestrian, was injured when a vehicle owned by the defendant Fernando Flores and operated by the defendant Juan Rivas allegedly failed to stop at a stop sign at the intersection of East Third Avenue and New Hampshire Avenue in the Town of Islip, and collided with a vehicle operated by the defendant Tania Barrome, also known as T.V. Barrome Montero. The plaintiff commenced this action against Rivas, Flores, Barrome, and the Town. With regard to the Town, the plaintiff alleged, inter alia, that the Town was negligent in failing to maintain the stop sign at the intersection. Following a trial on the issue of liability, the jury found the Town 65% at fault and Rivas and Flores 35% at fault for the happening of the accident. We reverse the interlocutory judgment insofar as appealed from.

The jury's determination that the Town was negligent and that its negligence was a proximate cause of the accident is not supported by sufficient evidence as a matter of law (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). In order to hold the Town liable for negligently maintaining the stop sign, the plaintiff had to show, inter alia, that the negligence was a proximate cause of the accident (see Levitt v County of Suffolk, 145 AD2d 414, 415 [1988]). Here, the evidence at trial established that the sole proximate cause of this accident was the conduct of the defendant Rivas (see e.g. Lugo v Brentwood Union Free School Dist., 212 AD2d 582, 583 [1995]). Moreover, the photographs admitted into evidence show that the stop sign was clearly visible (see Belonzi v Town of Brookhaven, 227 AD2d 361, 362 [1996]; Safran v Amato, 155

AD2d 653, 654-655 [1989]). Thus, the Town was entitled to judgment as a matter of law.

In light of the foregoing, we need not reach the Town's remaining contentions. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.