■ THOMAS MILANO, SR., Respondent, v JAMES B. GEORGE et al., Respondents-Appellants, and INCORPORATED VILLAGE OF LYNBROOK, Appellant-Respondent. [845 NYS2d 441]—

In an action to recover damages for personal injuries, the defendant Incorporated Village of Lynbrook appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated July 13, 2006, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants James B. George and Transportation Planning Corporation cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion of the defendant Incorporated Village of Lynbrook for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Incorporated Village of Lynbrook payable by the defendants James B. George and Transportation Planning Corporation.

In order for a municipality to be held liable for negligently placing a stop sign, it must be shown that such negligence was the proximate cause of an accident (see Applebee v State of New York, 308 NY 502, 506 [1955]; Levitt v County of Suffolk, 145 AD2d 414, 415 [1988]).

The Supreme Court should have granted the cross motion by the defendant Incorporated Village of Lynbrook (hereinafter the Village) for summary judgment dismissing the complaint and all cross claims insofar as asserted against it as the Village established, as a matter of law, that its placement of the stop sign was not a proximate cause of the accident (see Applebee v State of New York, 308 NY at 508; Mendez v Town of Islip, 307 AD2d 917 [2003]; Poggiali v Town of Babylon, 219 AD2d 626, 627 [1995]; Pateman v Asaro, 203 AD2d 346, 346-347 [1994]; Levitt v County of Suffolk, 166 AD2d 421, 423 [1990]).

The Supreme Court did not err in denying the motion of the defendants James B. George and Transportation Planning Corporation for summary judgment since they failed to meet their prima facie burden of demonstrating the absence of a triable issue of fact as to whether George exercised due care to avoid the subject accident under the circumstances that existed

at the time the accident occurred (*see* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Paulin v Needham*, 28 AD3d 531 [2006]; *Vanni v Bartman*, 16 AD3d 671, 672 [2005]; *Gecaj v DiFiglio*, 303 AD2d 548, 549 [2003]; *Charles v Ball*, 291 AD2d 367, 367-368 [2002]; Vehicle and Traffic Law § 1146; *cf. Johnson v Lovett*, 285 AD2d 627 [2001]). Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.