■ PATRICIA A. PABON, Appellant, v ALONZO M. SCOTT et al., Defendants, and SHEONTRA M. HARPER et al., Respondents. [908 NYS2d 516]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered July 24, 2009 in a personal injury action. The order, insofar as appealed from, granted the motion of defendants Sheontra M. Harper and Gus Harper, Jr. for summary judgment and dismissed the complaint against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the complaint against defendants Sheontra M. Harper and Gus Harper, Jr. and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when a motor vehicle operated by Sheontra M. Harper and owned by Gus Harper, Jr. (collect-

ively, defendants) and in which plaintiff was a passenger collided with a vehicle operated by defendant Alonzo M. Scott. Sheontra Harper was driving east and intended to make a right turn at an intersection that was usually controlled by a four-way stop but that was missing the stop sign for vehicles traveling in her direction. She was very familiar with the intersection in question inasmuch as she had traveled through it multiple times from each direction as a school bus driver, and she was aware that the stop sign was missing. Indeed, she reported the missing stop sign to the school bus dispatcher. The collision occurred when Scott ran the stop sign controlling vehicles traveling south into the intersection and collided with Sheontra Harper, who had also entered the intersection without stopping.

We conclude that Supreme Court erred in granting the motion of defendants for summary judgment dismissing the complaint against them. Defendants are correct that Sheontra Harper could not have been issued a ticket for entering the intersection without stopping (*see* Vehicle and Traffic Law § 1110 [b]), and that the street onto which she attempted to turn was not a through street for which she would have been required to stop regardless of the absence of a stop sign (*see generally Plantikow v City of New York*, 189 AD2d 805, 806 [1993]; *Mays v Weiman*, 73 AD2d 639 [1979]; *Villa v Vetuskey*, 50 AD2d 1093, 1093-1094 [1975]). Nevertheless, we conclude on the record before us that the evidence establishing that Sheontra Harper was aware that the stop sign at the intersection was missing raised triable issues of fact whether she was negligent in entering the intersection without stopping and whether her failure to stop was a proximate cause of the accident. Moreover, "[i]t is well settled that, even where a vehicle enters an intersection with [the right-of-way], the driver may nevertheless be found negligent if he or she fails to use 'reasonable care when proceeding into the intersection' " (*Strasburg v Campbell*, 28 AD3d 1131, 1132 [2006]). We therefore modify the order accordingly. We further conclude that the court properly denied plaintiff's cross motion for partial summary judgment on the issue of negligence inasmuch as it cannot be said that Sheontra Harper was negligent as a matter of law for entering the intersection without stopping (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.