Bender v East End Bus Lines, Inc. (2025 NY Slip Op 02305)

Bender v East End Bus Lines, Inc.

2025 NY Slip Op 02305

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-01019
 (Index No. 617509/17)

[*1]Ronald Bender, appellant, 
v
East End Bus Lines, Inc., et al., respondents, et al., defendant.

Pugatch & Nikolis, Mineola, NY (Phillip P. Nikolis and Gary E. Rosenberg of counsel), for appellant.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Dennis J. Brady of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated December 21, 2022. The order, insofar as appealed from, granted the motion of the defendants East End Bus Lines, Inc., and Donna M. Heuskin for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants East End Bus Lines, Inc., and Donna M. Heuskin which was for summary judgment dismissing all cross-claims insofar as asserted against them is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendants East End Bus Lines, Inc., and Donna M. Heuskin which was for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly sustained personal injuries as a result of a two-vehicle collision that occurred on February 14, 2017, at the intersection of Station Road and Association Road in the Town of Brookhaven. The plaintiff was operating an oil delivery truck owned by his employer. The plaintiff testified at a hearing pursuant to General Municipal Law § 50-h and his deposition that, as a result of the injuries he sustained, he had no recollection of the accident or of the time period for a few months prior thereto. It is undisputed, however, that at the time of the accident, the plaintiff was traveling eastbound on Association Road and the defendant Donna M. Heuskin was operating an empty school bus owned by her employer, the defendant East End Bus Lines, Inc. (hereinafter East End), which was traveling southbound on Station Road. Further, it is undisputed that Station Road, at its intersection with Association Road, is not governed by any traffic control devices and that a stop sign located on Association Road, at its intersection with Station Road, at the time of the [*2]accident and for some undetermined period prior thereto, was not in place and was, instead, lying on the ground.
The plaintiff commenced this action to recover damages for personal injuries against East End and Heuskin based on Heuskin's alleged negligent operation of the school bus, as well as against the Town on the basis that, inter alia, the Town was negligent in failing to repair the subject stop sign. After discovery, the Town moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it on the basis of lack of prior written notice of the condition of the stop sign. East End and Heuskin moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them on the basis that the plaintiff's operation of the oil truck was the sole proximate cause of his injuries. In an order dated December 21, 2022, the Supreme Court granted the motions. The plaintiff appeals from so much of the order as granted the motion of East End and Heuskin for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
Defendants moving for summary judgment in a personal injury action must demonstrate, prima facie, that they did not proximately cause the plaintiff's injuries (see Fergile v Payne, 202 AD3d 928, 930). Since there can be more than one proximate cause of a plaintiff's injuries, the defendants do not carry their burden simply by establishing that another party's actions were a proximate cause; they must establish their own freedom from comparative fault as a matter of law (see id.; Bentick v Gatchalian, 147 AD3d 890, 891; Boulos v Lerner-Harrington, 124 AD3d 709, 709-710; Cattan v Sutton, 120 AD3d 537, 538; Cox v Nunez, 23 AD3d 427, 428).
East End and Heuskin contend that pursuant to Vehicle and Traffic Law §§ 1142(a) and 1172(a), Heuskin had the right-of-way and that the plaintiff's failure to yield the right-of-way was the sole proximate cause of the accident. While there is evidence that southbound Station Road, on which Heuskin was driving, had no traffic control device, the parties do not dispute that the stop sign facing the plaintiff on Association Road was down prior to the accident. Pursuant to Vehicle and Traffic Law § 1110(b) "[n]o provision of this title for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person." Moreover, given that the stop sign was not in its proper position at the time of the accident, East End and Heuskin failed to establish as a matter of law that the plaintiff was aware that the intersecting highway was a through highway (see Pabon v Scott, 77 AD3d 1467; Plantikow v City of New York, 189 AD2d 805; Mays v Weiman, 73 AD2d 639). Based upon the foregoing, East End and Heuskin failed to establish as a matter of law that the plaintiff was negligent for failing to yield the right-of-way.
Moreover, although the operators of vehicles with the right-of-way are entitled to anticipate that other operators will yield in compliance with the Vehicle and Traffic Law (see Cattan v Sutton, 120 AD3d at 538), drivers with the right-of-way may nonetheless be found to have proximately caused the happening of an accident if they did not use reasonable care to avoid the accident (see Fergile v Payne, 202 AD3d at 930; Pollack v Margolin, 84 AD3d 1341, 1342). Under the circumstances here, as Heuskin testified at her deposition, without further explanation, that she did not observe the plaintiff's oil truck prior to impact, there remained triable issues of fact as to whether Heuskin failed to see what was there to be seen through the proper use of her senses and failed to exercise due care to avoid the collision (see Khalil v Garcia-Olea, 222 AD3d 853, 855). Thus, even had East End and Heuskin established that the plaintiff failed to yield the right-of-way, they failed to establish as a matter of law that Heuskin was not also negligent.
Accordingly, since East End and Heuskin failed to meet their prima facie burden, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Khalil v Garcia-Olea, 222 AD3d at 855; Mu-Jin Chen v Cardenia, 138 AD3d 1126; Cattan v Sutton, 120 AD3d at 538; Pollack v Margolin, 84 AD3d at 1342).
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court