OPINION OF THE COURT
Donald J. Corbett, Jr., J.
On November 18, 1992, the defendant made application for an order dismissing the claim and the claimant made application for a change of venue to the Buffalo district.
The defendant’s motion to dismiss claim No. 83589 is *110 granted and the claimant’s motion for a change of venue is denied as moot.
This claim arises from an automobile accident that occurred on June 13, 1991 on Route 20 in the Town of Darien. Claimant was a passenger in a vehicle that was struck by a vehicle operated by Hubert J. Speckard and owned by the State of New York. Mr. Speckard was the superintendent of the Grove-land Correctional Facility and he was issued a State automobile in connection with his duties as such. At the time of the accident in question, he was returning home from work.
Claimant was employed by the State University of New York at Buffalo as coordinator of the student loan program. She had been sent to a workshop in Geneseo and, at the time of the accident, she was returning from the workshop as a passenger in a private automobile. After the accident, claimant applied for and received benefits pursuant to the Workers’ Compensation Law.
The State now moves to dismiss the instant claim, arguing that claimant’s receipt of compensation benefits precludes maintenance of a civil action against her employer, the State of New York (Cunningham v State of New York, 60 NY2d 248). Claimant asserts that the decision in Billy v Consolidated Mach. Tool Corp. (51 NY2d 152) articulates an exception to the exclusivity principle set forth in Workers’ Compensation Law § 11, and affirmed in a legion of judicial decisions, including Cunningham, and that she falls within that exception.
The Workers’ Compensation Law provides that benefits provided thereunder shall be the exclusive remedy on the part of an employee against an employer (Workers’ Compensation Law § 11 [see also, § 29 (6)], providing that the right to workers’ compensation benefits shall be the exclusive remedy for an employee injured by the negligence of a person "in the same employ”). Thus, in the absence of the availability of an exception to this principle, claimant’s misfortune extends not only to having been a passenger in a vehicle that was struck by another, but also to having been struck by a vehicle owned by her employer* and operated by a fellow employee.
*111 Claimant’s position herein is based entirely on the decision in Billy v Consolidated Mach. Tool Corp. (supra, 51 NY2d 152), where the Court of Appeals found the exclusivity principle "inapplicable to the unique set of facts presented in [that] case” (supra, at 157). Plaintiffs decedent was killed in an industrial accident while on the job in the employ of USM Corporation. One of plaintiffs allegations was that the machinery that caused the injury had been defectively designed, manufactured and installed by two corporations known as Consolidated and Parrel, 20 or more years prior to the accident. Between the time of such installation and the accident, both Consolidated and Parrel had been absorbed into USM through a series of corporate mergers and consolidations. Since USM had assumed the liabilities of these two corporations, plaintiff was forced to attempt suit against her decedent’s employer based upon torts allegedly committed by these now-merged corporations.
The Court held that "[conceptually, the deceased employee’s executrix is suing not the decedent’s former employer, but rather the successor to the liabilities of the two alleged tortfeasors” (Billy v Consolidated Mach. Tool Corp., supra, at 161), and it did not accept defendant’s contention that "the obligations it inherited through corporate merger may be avoided simply because of the fortuity that the injured party was an employee covered by the provisions of the Workers’ Compensation Law” (supra). Although the Court allowed the suit against USM to proceed to the extent that liability was being sought against it as successor in interest to the two merged corporations, it rejected plaintiffs alternative contention that liability could be asserted against USM based on the "dual capacity” doctrine, under which an employer shielded from liability under the Workers’ Compensation Law could nevertheless be subject to liability to an employee if there was a relationship, other than employer/employee, between the parties that conferred obligations on the employer. The Court noted that "[t]he doctrine is most frequently invoked when, as here, an employee or his dependents are seeking to hold the employer liable at common law as the owner of the property upon which a job-related injury has occurred” (supra, at 158).
Although it noted that the "dual capacity” doctrine had been accepted in a number of other jurisdictions, the Court of *112 Appeals declined to accept it in New York, characterizing it as "fundamentally unsound,” and contrary to the basic principles upon which the Workers’ Compensation Law was based (Billy v Consolidated Mach. Tool Corp., supra, at 159). Indeed, merely describing the doctrine reveals how its application would effectively emasculate the carefully crafted workers’ compensation scheme.
Contrasting the limited exception to the exclusivity principle established in Billy (supra) (i.e., based on the assumption by one corporation of another’s liabilities after a merger) with the exception specifically rejected by the Court (i.e., a distinction based on an employer’s capacity as such as opposed to its capacity as property owner), it is apparent that the facts of the instant claim do not fall within the Billy exception. Claimant places great stress on her assertion of liability against the State not under the principle of respondeat superior but rather as owner of the offending vehicle (Vehicle and Trafile Law § 388). However, the rejection of a distinction between a party’s capacity as employer and landowner (see, Johnson v Eaton Corp., 178 AD2d 101) precludes claimant from convincingly asserting that a relevant distinction can be made between the State’s capacity as employer and as owner of Speckard’s vehicle. Indeed, the policy reasons for holding real property owners vicariously liable for negligence-induced injuries occurring on their property are undoubtedly akin to the reasons for holding owners of motor vehicles vicariously liable for negligence-induced injuries caused by their motor vehicles. The conclusion that an employer’s status as owner of real property does not provide an alternate route to liability against the employer, avoiding the barrier of the Workers’ Compensation Law, a fortiori requires the same result with respect to an employer’s status as owner of personal property. Claimant’s argument is nothing more than a recasting of the rejected "dual capacity” doctrine with the defendant’s motor vehicle ownership substituting for the more traditional real property ownership.
Finally, I note that, in allowing suit to proceed based upon the employer’s assumption of "the obligations and liabilities of a third-party tort-feasor” (Billy v Consolidated Mach. Tool Corp., supra, 51 NY2d 152, 156), the Billy Court was referring to the unique corporate merger situation at issue therein, and did not intend to characterize an employee as a "third-party tort-feasor.” Acceptance of claimant’s argument to the contrary would abrogate the Workers’ Compensation Law with *113 respect to injuries caused by acts of fellow employees since the liability of corporations and partnerships (as well as governmental entities) can only accrue by virtue of the actions of individuals and thus, under claimant’s formulation, could always be characterized as a situation where the employer is liable for the actions of a "third party.” Manifestly such a result was not intended in Billy.
Claimant has not identified any case where the Billy principle was extended to encompass the situation where liability is sought against an employer by virtue of its ownership of an automobile (cf., Murray v City of New York, 43 NY2d 400). For the reasons stated herein, I find that there is no basis for such an extension and that this claim is governed by the traditional exclusivity rule barring the maintenance of an action by an employee against an employer based on the negligence of a fellow employee.
Accordingly, the instant claim must be, and hereby is, dismissed.

 Claimant does not contend that her nominal employment by SUNY, and Speckard’s nominal employment by the Department of Correctional Services, has any effect on the conclusion that they were both in fact employed by the State of New York. Indeed, any such contention would be unavailing since neither of these entities has legal status; they are mere instrumentali *111 ties of the State of New York and it is the State that is responsible for torts committed by employees of both entities.