■ KAREN A. CENTOFANTI, Individually and as Administratrix of the Estate of WILLIAM C. TOLFA, Deceased, Appellant, v WILLIAM J. CASSIDY et al., Respondents, et al., Defendant. [695 NYS2d 639] —Order affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendants William J. Cassidy, Lynne Subjeck, individually and doing business as On-Line Auto Connection, and Steven J. Nesbitt for summary judgment dismissing the complaint against them. The evidence is uncontroverted that plaintiff's decedent stopped his vehicle at the flashing red light at Route 425 in the Town of Cambria, but then proceeded through the intersection, directly into the path of a tractor-trailer traveling on Route 104 toward the flashing yellow light. The tractor-trailer, operated by Cassidy, was 50 to 100 feet from the intersection when decedent entered the intersection. Subjeck, who owned the tractor, Nesbitt, who owned the trailer, and Cassidy established that Cassidy's conduct in attempting to avoid the collision was reasonable under the circumstances and that the collision was caused solely by the acts of decedent (*see, Ryan v Ratchuck* [appeal No. 1], 221 AD2d 1021). Plaintiff failed to offer any proof in admissible form that Cassidy could have avoided the collision (*see, Ryan v Ratchuck, supra; see generally, Zuckerman v City of New York*, 49 NY2d 557, 562).

The court also properly granted the motion of defendant

Keeler Construction Co., Inc. (Keeler) for summary judgment dismissing the complaint against it. Keeler established that, contrary to plaintiff's contention, there was no shed located at the intersection, and plaintiff failed to raise an issue of fact whether decedent's view of oncoming traffic was obstructed (*see generally, Zuckerman v City of New York, supra,* at 562).

All concur except Hayes, J., who dissents in part and votes to modify in the following Memorandum.

Hayes, J. (dissenting in part). I respectfully dissent in part. In my view, Supreme Court erred in granting the motion of defendants William J. Cassidy, Lynne Subjeck, individually and doing business as On-Line Auto Connection, and Steven J. Nesbitt for summary judgment dismissing the complaint against them. Cassidy observed construction warning signs posted at least 1,500 feet before the intersection. A construction sign advised motorists to reduce their speed to 30 miles per hour through the intersection. Cassidy further observed at the upcoming intersection the flashing yellow light, construction workers, construction equipment and vehicles stopped on the intersecting street. Despite those conditions, there was evidence that Cassidy was traveling at 45 miles per hour at the time of the collision. From those facts, a jury could find that Cassidy violated Vehicle and Traffic Law § 1180 (a) and (e) by driving the tractor-trailer at a speed greater than was reasonable and prudent when entering the intersection (*see, Gabrielli v Biro,* 140 AD2d 948). The issues whether Cassidy was negligent and whether his negligence contributed to the accident are thus issues of fact for the jury. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.