MICHAEL L. BARILE, as Administrator of the Estate of ROSE L. BARILE, Deceased, Appellant, v JERRY C. CARROLL et al., Respondents. [720 NYS2d 674] —Order unanimously affirmed without costs. Memorandum: Rose L. Barile (decedent) died as a result of injuries she sustained when her vehicle collided with a vehicle driven by defendant Jerry C. Carroll. At the time of the accident, decedent was a learner-driver being supervised by her son, defendant Michael S. Barile (Barile). Decedent was traveling southbound on Ward Road in the Town of Wheatfield when she failed to stop for a red light, entered into the intersection of Lockport Road and was struck by Carroll, who was traveling westbound and had a green light. Plaintiff, as administrator of his wife's estate, commenced this action alleging that Barile was negligent in his supervision of decedent as a learner-driver and that Carroll was negligent in failing to reduce his speed, observe decedent's vehicle and take evasive action.

Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint on the ground that decedent's failure to stop at the red light was the sole proximate cause of the accident. Carroll met his initial burden by establishing that he proceeded into the intersection with the right of way, that he was not exceeding the speed limit and that he was paying attention to the traffic surrounding him. He also submitted affidavits from eyewitnesses establishing that decedent had run the red light and that there was no time for Carroll to react to avoid the accident. "[A]n operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260; *see, Kelsey v Degan*, 266 AD2d 843). In opposition plaintiff failed to raise a triable issue of fact. Although it is well established that in a wrongful death action the plaintiff "is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence" (*Noseworthy v City of New York*, 298 NY 76, 80), that doctrine may not be invoked unless plaintiff first makes a showing of facts from which negligence may be inferred (*see, Pierson v Dayton*, 168 AD2d 173, 175-176; *see also, Wank v Ambrosino*, 307 NY 321, 324; *Carter v County of Erie*, 98 AD2d 963, 964). Plaintiff failed to make that showing and thus the *Noseworthy* doctrine does not apply. Plaintiff contends that, because Carroll did not see decedent's vehicle and did not reduce his speed, a person could reasonably infer

that Carroll was negligent. We disagree. Although Carroll did not see decedent's vehicle until the moment of impact, any inference of negligence relating to that fact is based on speculation and is insufficient to defeat a motion for summary judgment (*see, Miranda v Devlin*, 260 AD2d 451, 452; *see also, Perez v Brux Cab Corp.*, 251 AD2d 157, 159; *Tran v Nowak*, 245 AD2d 1083, 1084). Further, the fact that Carroll did not reduce his speed upon entering the intersection is insufficient to raise an issue of fact concerning his alleged negligence because Vehicle and Traffic Law § 1180 (e), when "read in conjunction with Vehicle and Traffic Law § 1180 (a), 'does not mandate that a driver reduce his or her speed at every intersection, but only when warranted by the conditions presented'" (*Wilke v Price*, 221 AD2d 846, 847, quoting *Bagnato v Romano*, 179 AD2d 713, 714, *lv denied* 81 NY2d 701). Here, there was no evidence of any condition that would have required Carroll to reduce his lawful speed (*see, Matt v Tricil [N. Y.]*, 260 AD2d 811; *Anastasio v Scheer*, 239 AD2d 823, 824).

Barile also established his entitlement to summary judgment. "[A] licensed driver accompanying a learner may be held liable when he neglects to use reasonable care as an instructor" (*Lazofsky v City of New York*, 22 AD2d 858, 858-859; *see, Pierson v Dayton, supra*, at 176). Here, Barile met his initial burden by establishing that he had used reasonable care as an instructor. Barile testified at his deposition that he had paid attention to decedent's driving and that decedent had been driving "just fine" before the accident. Plaintiff may not rely on the unsworn handwritten statement of an eyewitness to defeat Barile's motion because plaintiff "did not offer any excuse for his failure to provide the [statement] in proper form" (*Grasso v Angerami*, 79 NY2d 813, 814; *see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Szymanski v Robinson*, 234 AD2d 992). Plaintiff failed to raise a triable issue of fact sufficient to defeat Barile's motion. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.