■■■ ANNA ZADINS, Respondent, v S.K. POMMERVILLE, Appellant. [751 NYS2d 803] —Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered September 27, 2001, which denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle collided with a vehicle driven by defendant. Plaintiff was driving southbound on Landing Road in the Town of Brighton and stopped at the intersection of Blossom Road and Landing Road in compliance with a stop sign and a flashing red light. Defendant was driving westbound on Blossom Road and had the right of way. Plaintiff drove into the intersection and was struck by defendant's vehicle.

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant established as a matter of law that the accident resulted solely from plaintiff's negligence, and plaintiff failed to submit any admissible evidence in opposition to the motion and thus failed to raise a triable issue of fact. Although defendant testified at her deposition that she did not see plaintiff's vehicle until just before impact and that she could not recall whether she reduced her speed prior to impact, "any inference of negligence relating to [those] fact[s] is based on speculation and is insufficient to defeat a motion for summary judgment" (*Barile v Carroll*, 280 AD2d 988, 989; *see Wilke v Price*, 221 AD2d 846, 847). In any event, defendant was under no duty to reduce her speed upon approaching the intersection because "Vehicle and Traffic Law § 1180 (e), when read in conjunction with Vehicle and Traffic Law § 1180 (a), does not mandate that a driver reduce his or her speed at every intersection, but only when warranted by the conditions presented" (*Barile*, 280 AD2d at 989 [internal quotation marks omitted]; *see Wilke,* 221 AD2d at 847). "Here, there [is] no evidence of any condition that would have required [defendant] to reduce [her] lawful speed" (*Barile,* 280 AD2d at 989; *see Matt v Tricil [N.Y.], Inc.*, 260 AD2d 811, 812), and because defendant had the right of way, she "[was] entitled to anticipate that [plaintiff would] obey the traffic laws that require[d] [her] to yield" (*Namisnak v Martin*, 244 AD2d 258, 260; *see Barile*, 280 AD2d at 988; *Kelsey v Degan*, 266 AD2d 843). Finally, there is no evidence that defendant had any opportunity to avoid the collision (*see Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 742; *Wilke*, 221 AD2d at 847).

We therefore reverse the order, grant the motion and dismiss the complaint. Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.