█ RICHARD DESHAIES, as Administrator of the Estate of KAREN R. DESHAIES, Deceased, Respondent, v PRUDENTIAL

ROCHESTER REALTY, Defendant, and CINDY L. GILCHRIST, Appellant. [755 NYS2d 155] —Appeal from that part of an order of Supreme Court, Monroe County (Frazee, J.), entered July 16, 2001, that denied the cross motion of defendant Cindy L. Gilchrist for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff's decedent was killed when the vehicle that she was driving collided with a vehicle driven by defendant Cindy L. Gilchrist. According to Gilchrist, her vehicle was propelled into decedent's vehicle by a vehicle driven by defendant Mary B. Cirilla, who failed to stop at a stop sign. Supreme Court, inter alia, granted plaintiff's motion for partial summary judgment on liability against, inter alia, Cirilla in a separate action and in this action denied the cross motion of Gilchrist for summary judgment dismissing the complaint against her. Gilchrist appeals, contending that the sole cause of the accident was Cirilla's failure to heed the stop sign. We affirm.

It is well established that there can be more than one proximate cause of an accident, and here the fact that Cirilla failed to stop at the stop sign is not dispositive of the issue whether Gilchrist failed to exercise reasonable care when proceeding into the intersection despite her admitted awareness that Cirilla was not going to stop at the stop sign (*see Doctor v Juliana,* 277 AD2d 1013). According to the deposition testimony of Gilchrist, she saw the Cirilla vehicle before either of their vehicles entered the intersection, she never saw the Cirilla vehicle slow down, and she looked away from the Cirilla vehicle before entering the intersection. Moreover, Gilchrist testified that she never sounded her horn or took any other evasive action before the collision. Even assuming, arguendo, that Gilchrist met her initial burden on the cross motion, we conclude that plaintiff raised triable issues of fact whether Gilchrist was exceeding the posted speed limit and whether she "had a sufficient opportunity to take some evasive action in an effort to avoid the accident" (*King v Washburn,* 273 AD2d 725, 726).

All concur except Scudder and Lawton, JJ., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum.

Scudder and Lawton, JJ. (dissenting). We respectfully dissent. In our view, defendant Cindy L. Gilchrist established her entitlement to judgment as a matter of law on her cross

motion seeking summary judgment dismissing the complaint against her and plaintiff failed to raise an issue of fact whether any action or inaction on Gilchrist's part was a proximate cause of the accident resulting in the death of plaintiff's decedent. In support of her cross motion, Gilchrist established that she was traveling eastbound on Route 104 at a rate of 55 miles per hour and was approximately two car lengths from the intersection of Route 104 and Fisher Road when she first observed the vehicle operated by defendant Mary B. Cirilla traveling southbound on Fisher Road. Gilchrist testified at her deposition that the impact occurred just as she realized that the vehicle operated by Cirilla was not going to stop at the stop sign. The vehicle operated by Cirilla struck Gilchrist's vehicle behind the passenger door and Gilchrist's vehicle crossed into the westbound lane, striking the vehicle driven by plaintiff's decedent and rolling several times before it came to rest on its roof in the westbound lane of Route 104. "[Gilchrist] met [her] initial burden by establishing that [she] proceeded into the intersection with the right of way, that [she] was not exceeding the speed limit and that [she] was paying attention to the traffic surrounding [her]" (*Barile v Carroll,* 280 AD2d 988, 988). Furthermore, as the driver with the right of way, Gilchrist was "entitled to anticipate that [Cirilla would] obey the traffic laws that require[d] [her] to [stop]" (*Namisnak v Martin,* 244 AD2d 258, 260; *see Zadins v Pommerville,* 300 AD2d 1111; *Barile,* 280 AD2d at 988). We disagree with the majority that plaintiff raised triable issues of fact whether Gilchrist exceeded the posted speed limit and whether Gilchrist had a sufficient opportunity to take evasive action to avoid the accident. Even assuming, arguendo, that Gilchrist was exceeding the speed limit by five miles per hour, as alleged by plaintiff, we conclude that "there is no evidence that this excess speed was a proximate cause of the accident" (*Lucksinger v M.T. Unloading Servs.,* 280 AD2d 741, 742). Furthermore, "it is apparent that the accident occurred within a matter of seconds and that there simply was not sufficient time for [Gilchrist] to take evasive action" (*Wilke v Price,* 221 AD2d 846, 847; *see Zadins,* 300 AD2d 1111). We further conclude that plaintiff failed to offer proof in admissible form that Gilchrist could have avoided the collision (*see Centofanti v Cassidy,* 265 AD2d 830, *lv denied* 94 NY2d 762). We would therefore reverse the order insofar as appealed from, grant the cross motion of Gilchrist and dismiss the complaint against her. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.