MILDRED LINTS et al., Respondents, v MARY B. FIORE et al., Appellants. [755 NYS2d 676] —Appeal from an order of Supreme Court, Oneida County (Parker, J.), entered December 12, 2001, which denied defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs for reasons stated in decision at Supreme Court, Oneida County, Parker, J.

All concur except Scudder and Hayes, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Scudder and Hayes, JJ. (dissenting). We respectfully dissent. Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Mildred Lints while a passenger in a ve-

hicle driven by her husband, Joseph Lints, Jr. (plaintiff). Plaintiffs' vehicle entered an intersection and struck a vehicle owned by defendant Samuel J. Fiore and driven by Mary B. Fiore (defendant). The facts are essentially undisputed. Defendant was traveling eastbound on Court Street in the City of Utica, a four-lane street, and plaintiffs were traveling north on Lincoln Avenue, which ends at Court Street, forming a "T" intersection; there is no traffic control sign on Court Street at that intersection. Plaintiff had stopped at the stop sign and had signaled to turn left onto Court Street when a nonparty driver stopped in the southernmost eastbound lane of Court Street and waved plaintiff across Court Street. Plaintiff proceeded slowly across Court Street and struck defendant's vehicle. Defendant testified at her deposition that she approached the intersection at a speed of approximately 15 miles per hour and that she observed the vehicle stopped in the lane to her right but did not see plaintiff's vehicle until she entered the intersection immediately before her vehicle was struck in the front passenger door.

The majority has affirmed for reasons stated in the decision at Supreme Court. The court determined therein that plaintiffs raised issues of fact whether defendant used prudent speed and whether defendant used reasonable care to see what was to be seen. In our view, the court erred in determining that plaintiffs raised issues of fact whether defendant was negligent and thus erred in denying defendants' motion seeking summary judgment dismissing the complaint. The cases relied upon by the court are not on point. Two of those cases involved unobstructed views of the potential hazards (*see Weigand v United Traction Co.,* 221 NY 39, 42; *McCarthy v Miller,* 139 AD2d 500) and the third involved a driver who failed to observe a warning sign (*see Duffy v County of Chautauqua,* 225 AD2d 261, 266, *lv dismissed in part and denied in part sub nom. Stuart v County of Chautauqua,* 89 NY2d 980). Here, defendants established that defendant was traveling at a speed of approximately 15 miles per hour, that the roads were clear of snow and ice, and that defendant had the right of way as she approached the intersection. We have consistently held that "an operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin,* 244 AD2d 258, 260; *see Zadins v Pommerville,* 300 AD2d 1111; *Doxtader v Janczuk,* 294 AD2d 859; *Barile v Carroll,* 280 AD2d 988). Although defendant testified at her deposition that she could not see Lincoln Avenue as she approached the intersection because of the vehicle stopped in the lane to her right, and, although plaintiff testified at his

deposition that he believed that defendant was traveling at a speed of approximately 20 miles per hour, which he does not allege was in excess of the posted speed limit, "any inference of negligence relating to that [testimony] is based on speculation and is insufficient to defeat a motion for summary judgment" (*Barile,* 280 AD2d at 989; *see Zadins,* 300 AD2d 1111). In our view, defendants established that the sole proximate cause of the accident was plaintiff's failure to yield the right of way, and plaintiffs failed to raise an issue of fact (*see Zadins,* 300 AD2d 1111; *Kelsey v Degan,* 266 AD2d 843). We would therefore reverse the order, grant defendants' motion and dismiss the complaint. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.