■ Wayne H. Dorr, as Executor of Cynthia A. Dorr, Deceased, Appellant, v Karen A. Farnham et al., Respondents. [871 NYS2d 554]—

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by his wife (decedent) when the vehicle she was driving collided at an intersection with a vehicle operated by Karen A. Farnham and owned by Clifford H. Farnham (collectively, Farnham defendants). Supreme Court erred in granting the motion of the Farnham defendants for summary judgment dismissing the complaint against them, and we therefore modify the order accordingly. In support of their motion, those defendants submitted the affidavit of Karen Farnham wherein she stated that the collision occurred when decedent, after stopping at a stop sign, proceeded into Karen Farnham's lane of travel, which was not controlled by any traffic devices. Karen Farnham further stated that she removed her foot from the accelerator when she saw decedent approach the intersection, but she did not forcibly apply her brakes or engage in any other evasive maneuver until decedent was in her lane of travel. Although Karen Farnham "was entitled to anticipate that [decedent] would obey the traffic laws that required her to yield the right-of-way to [Karen Farnham]" (*Galvin v Zacholl*, 302 AD2d 965, 966 [2003], *lv denied* 100 NY2d 512 [2003]; *see*

Vehicle and Traffic Law § 1142 [a]; *Guadagno v Norward*, 43 AD3d 1432, 1433 [2007]), the Farnham defendants failed to establish that Karen Farnham used the requisite " 'reasonable care when proceeding into the intersection' " (*Strasburg v Campbell*, 28 AD3d 1131, 1132 [2006]; *see Halbina v Brege*, 41 AD3d 1218, 1219 [2007]). They thus failed to meet their initial burden on the motion because they failed to establish that " 'the sole proximate cause of the accident was [decedent's] failure to yield the right of way' " to Karen Farnham (*Guadagno*, 43 AD3d at 1433).

We further conclude, however, that the court properly granted the motion of defendant County of Jefferson (County) for summary judgment dismissing the complaint against it inasmuch as the County established its entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's contention, any issue whether the stop sign or the stop bars provided adequate sight lines for decedent is insufficient to defeat the motion because decedent had a duty to stop "at the point nearest the intersecting roadway where [she] ha[d] a view of the approaching traffic on the intersecting roadway before entering the intersection" (Vehicle and Traffic Law § 1172 [a]). Furthermore, although the County has a nondelegable duty to maintain its highways "in a reasonably safe condition, which includes the duty to 'trim growth within the highway's right-of-way to assure visibility of stop signs and other traffic' " (*Cain v Pappalardo*, 225 AD2d 1005, 1006 [1996]; *see generally Banta v County of Erie*, 134 AD2d 839 [1987]), the submissions of the County in support of its motion establish that it satisfied that duty (*cf. Sanchez v Lippincott*, 89 AD2d 372, 375 [1982]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.