ROBERT C. TESTERMAN, Appellant, v RACHEL L. ZIELINSKI et al., Defendants, and DANIEL D. BIGELOW, as Executor of TENNY C. BIGELOW, Deceased, and as Administrator C.T.A. of the Estate of DOUGLAS L. BIGELOW, Deceased, Respondent. (Appeal No. 1.) [891 NYS2d 808]—

Memorandum: Robert C. Testerman, the plaintiff in appeal Nos. 1 and 2, commenced the personal injury action at issue therein seeking damages for injuries he sustained when the pickup truck in which he was a passenger collided with a vehicle operated by Tenny C. Bigelow and owned by Tenny Bigelow and Douglas L. Bigelow. Daniel D. Bigelow, the plaintiff in appeal No. 3, commenced the wrongful death action at issue therein as executor of Tenny Bigelow's estate and as administrator C.T.A. of Douglas Bigelow's estate. The pickup truck in which Testerman was a passenger was owned by his employer, Pisa Electrical Construction & Manufacturing, Inc. (Pisa), and

was operated by Rachel L. Zielinski, both of whom are defendants in both actions. The evidence in the record before us establishes that the collision occurred when Zielinski drove Pisa's pickup truck through a stop sign and into an intersection, whereupon the Bigelow vehicle collided with the pickup truck. In appeal No. 1, Testerman appeals from an order granting the motion of Daniel Bigelow for summary judgment dismissing the amended complaint and cross claim in the personal injury action against him. In appeal No. 2, Testerman appeals from an order that, inter alia, granted the motion of Pisa for summary judgment dismissing the amended complaint in the personal injury action against it. In appeal No. 3, Pisa and Zielinski appeal from an order granting Daniel Bigelow's motion for partial summary judgment on liability in the wrongful death action.

Addressing first the order in appeal No. 2, we reject the contention of Testerman that Supreme Court erred in granting Pisa's motion in the personal injury action. "Generally, the sole remedy of an employee[, i.e., Testerman,] injured in the course of employment against his . . . employer is recovery under the Workers' Compensation Law" (*Constantine v Premier Cab Corp.*, 295 AD2d 303, 303 [2002]; *see* Workers' Compensation Law § 11). "Inasmuch as [Pisa is] statutorily immune from suit, as a result of the 'exclusive remedy' provision of [the] Workers' Compensation Law . . . , [Pisa] cannot be held vicariously liable as owner[ ]" of the pickup truck pursuant to Vehicle and Traffic Law § 388 (*Allen v Blum*, 232 AD2d 591, 592 [1996]; *see Hill v State of New York*, 157 Misc 2d 109, 112 [1993], *affd* 209 AD2d 1007 [1994]).

We agree with Testerman in appeal No. 1, however, that the court erred in granting Daniel Bigelow's motion in the personal injury action. "To meet his initial burden on the motion, [Daniel Bigelow] had to establish both that [Zielinski's] vehicle 'suddenly entered the lane where [Tenny Bigelow] was operating [her vehicle] in a lawful and prudent manner and that there was nothing [she] could have done to avoid the collision' " (*Fratangelo v Benson*, 294 AD2d 880, 881 [2002]; *see Richards v Bartholomew*, 60 AD3d 1405 [2009]; *see also Dorr v Farnham*, 57 AD3d 1404, 1405-1406 [2008]). Although Tenny Bigelow "was entitled to anticipate that [Zielinski] would obey the traffic laws that required her to yield the right-of-way to [Tenny's vehicle] . . . , [Daniel Bigelow] failed to establish that [Tenny] used the requisite reasonable care when proceeding into the intersection . . . [He] thus failed to meet [his] initial burden on the motion because [he] failed to establish that the sole

proximate cause of the accident was [Zielinski's] failure to yield the right-of-way to [Tenny's vehicle]" (*Dorr*, 57 AD3d at 1405-1406 [internal quotation marks omitted]). We therefore reverse the order in appeal No. 1, deny the motion and reinstate the amended complaint and cross claim against Daniel Bigelow.

With respect to the order in appeal No. 3, we conclude that the court erred in granting Daniel Bigelow's motion for partial summary judgment on the issue of liability in the wrongful death action, for the same reasons as those set forth with respect to the order in appeal No. 1. We therefore reverse the order in appeal No. 3 and deny the motion. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.