# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

377
**CA 10-02096**
PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

KAREN DEBRINE, PLAINTIFF-RESPONDENT-APPELLANT,

        V                                    MEMORANDUM AND ORDER

ROBERT L. VANHARKEN AND PHILIP R. VANHARKEN,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (MATTHEW
A. LENHARD OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court,
Livingston County (Dennis S. Cohen, A.J.), entered June 23, 2010 in a
personal injury action. The order denied the motion of plaintiff for
partial summary judgment on the issue of liability and the cross
motion of defendants for partial summary judgment dismissing
plaintiff's claim for lost earnings.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the motion on
the issue of defendants' negligence and as modified the order is
affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when the vehicle that she was
operating collided with a vehicle operated by Philip R. VanHarken
(defendant) and owned by defendant Robert L. VanHarken. Supreme
Court, inter alia, denied plaintiff's motion for partial summary
judgment on the issue of liability, i.e., negligence and serious
injury (*see generally Ruzycki v Baker*, 301 AD2d 48, 51-52), and we
conclude that the court erred in denying that part of plaintiff's
motion for partial summary judgment on the issue of defendants'
negligence only. We therefore modify the order accordingly. The
evidence submitted by plaintiff in support of her motion, including
defendant's deposition testimony, established that defendant struck
her vehicle after defendant entered the roadway from a driveway.
Plaintiff thus established that defendant "was negligent in failing to
see that which, under the circumstances, he should have seen, and in
[pulling out] in front of [plaintiff's] vehicle when it was hazardous
to do so" (*Stiles v County of Dutchess*, 278 AD2d 304, 305; *see Garza v
Taravella*, 74 AD3d 1802, 1804), and defendants failed to raise a
triable issue of fact in opposition (*see generally Zuckerman v City of*

*New York*, 49 NY2d 557, 562). Plaintiff failed, however, to establish that she was not negligent in operating her vehicle and that defendant's negligence was the sole proximate cause of the accident. We therefore reject her further contention that she was entitled to partial summary judgment on those issues (*see Leahey v Fitzgerald*, 1 AD3d 924, 926; *cf. Hillman v Eick*, 8 AD3d 989, 990).

Contrary to defendants' contention, the court properly denied their cross motion for partial summary judgment seeking dismissal of plaintiff's claim for lost earnings. That claim is based upon the allegation that plaintiff sustained a brachial plexus injury in the accident. Although defendants met their initial burden of establishing that plaintiff did not sustain such an injury or, alternatively, that the alleged injury was not sustained in the accident, plaintiff raised a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court