■ KEI SHING YEUNG, Respondent, v PATRICIA A. BENNICE, Respondent and KEI PING YEUNG et al., Appellants. [935 NYS2d 415]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle in which he was a passenger collided at an intersection with a vehicle operated by defendant Patricia A. Bennice. The vehicle in which plaintiff was traveling was owned by Kei Hing Yeung and operated by Kei Ping Yeung (collectively, Yeung defendants). Supreme Court properly denied the Yeung defendants' motion for summary judgment dismissing the complaint and any cross claims against them. In support of their motion, the Yeung defendants submitted a police report and deposition transcripts establishing that the collision occurred when Bennice disregarded a red light and struck the Yeung vehicle as it entered the intersection with the green light. The Yeung defendants, however, also submitted the deposition testimony of Kei Ping Yeung, who testified that his ability to see vehicles approaching the intersection from Bennice's direction was impaired both by a building situated on one of the corners of the intersection and by the fact that the road on which Bennice was driving proceeded uphill toward the intersection. Generally, a driver "who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260 [1997]; *see Zadins v Pommerville*, 300 AD2d 1111, 1112 [2002]; *Barile v Carroll*, 280 AD2d 988 [2001]). Nevertheless, "[i]t is well settled that, even where a vehicle enters an

intersection with a green light, the driver may nevertheless be found negligent if he or she fails to use 'reasonable care when proceeding into the intersection' " (*Strasburg v Campbell*, 28 AD3d 1131, 1132 [2006]; *see Dorr v Farnham*, 57 AD3d 1404, 1405-1406 [2008]). Here, the Yeung defendants failed to establish in support of their motion that Kei Ping Yeung used the requisite "reasonable care when proceeding into the intersection," given his impaired ability to see traffic entering the intersection from the direction in which the other driver approached, and thus summary judgment is inappropriate (*Dorr*, 57 AD3d at 1406 [internal quotation marks omitted]; *see Pabon v Scott*, 77 AD3d 1467, 1468 [2010]; *Testerman v Zielinski*, 68 AD3d 1751, 1752-1753 [2009]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.