# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1301
CA 11-01373
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

KEI SHING YEUNG, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PATRICIA A. BENNICE, DEFENDANT-RESPONDENT,
KEI PING YEUNG AND KEI HING YEUNG,
DEFENDANTS-APPELLANTS.

ADAMS, HANSON, FINDER, HUGHES, REGO, KAPLAN & FISHBEIN, WILLIAMSVILLE
(NICOLE B. PALMERTON OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

JOHN FEROLETO - ATTORNEYS AT LAW, BUFFALO (PAUL BECKER OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ANN M. ALEXANDER OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered March 9, 2011. The order, insofar as
appealed from, denied the motion of defendants Kei Ping Yeung and Kei
Hing Yeung for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when the vehicle in which he was a passenger
collided at an intersection with a vehicle operated by defendant
Patricia A. Bennice. The vehicle in which plaintiff was traveling was
owned by Kei Hing Yeung and operated by Kei Ping Yeung (collectively,
Yeung defendants). Supreme Court properly denied the Yeung
defendants' motion for summary judgment dismissing the complaint and
any cross claims against them. In support of their motion, the Yeung
defendants submitted a police report and deposition transcripts
establishing that the collision occurred when Bennice disregarded a
red light and struck the Yeung vehicle as it entered the intersection
with the green light. The Yeung defendants, however, also submitted
the deposition testimony of Kei Ping Yeung, who testified that his
ability to see vehicles approaching the intersection from Bennice's
direction was impaired both by a building situated on one of the
corners of the intersection and by the fact that the road on which
Bennice was driving proceeded uphill toward the intersection.
Generally, a driver "who has the right of way is entitled to
anticipate that other vehicles will obey the traffic laws that require

them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260; *see Zadins v Pommerville*, 300 AD2d 1111, 1112; *Barile v Carroll*, 280 AD2d 988). Nevertheless, "[i]t is well settled that, even where a vehicle enters an intersection with a green light, the driver may nevertheless be found negligent if he or she fails to use 'reasonable care when proceeding into the intersection' " (*Strasburg v Campbell*, 28 AD3d 1131, 1132; *see Dorr v Farnham*, 57 AD3d 1404, 1405-1406). Here, the Yeung defendants failed to establish in support of their motion that Kei Ping Yeung "used the requisite reasonable care when proceeding into the intersection," given his impaired ability to see traffic entering the intersection from the direction in which the other driver approached, and thus summary judgment is inappropriate (*Dorr*, 57 AD3d at 1406 [internal quotation marks omitted]; *see Pabon v Scott*, 77 AD3d 1467, 1468; *Testerman v Zielinski*, 68 AD3d 1751, 1752-1753).

Entered:  December 23, 2011

Frances E. Cafarell
Clerk of the Court