SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**614**
**CA 11-00631**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

PAUL M. ALOI AND CHERYL R. ALOI,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

ARLEE ELLIS AND ALICE M. ELLIS,
DEFENDANTS-APPELLANTS.

---

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

---

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered March 15, 2011. The order sanctioned counsel for defendants with a fine of $10,000 for frivolous conduct.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the award of sanctions is vacated.

Memorandum: In this personal injury action arising out of a motor vehicle accident, defendants appeal from an order that imposed a $10,000 sanction against the law firm of the attorney who represented defendants at a bifurcated trial on liability. According to Supreme Court, defendants' attorney engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 by failing to concede liability at trial and by pursuing a meritless affirmative defense of comparative negligence. As a preliminary matter, we note that, although defendants' notice of appeal recites that defendants are appealing from the order, they in fact are not aggrieved by the imposition of sanctions against their attorney's law firm (*see Moore v Federated Dept. Stores, Inc.*, 94 AD3d 638, 639). Nevertheless, the notice of appeal may be deemed to have been filed on behalf of the nonparty law firm (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606; *Joan 2000, Ltd. v Deco Constr. Corp.*, 66 AD3d 841, 842). In addition, although no appeal as of right lies from an order such as this, which was entered after a hearing ordered sua sponte by the trial court (*see* CPLR 5701 [a] [2]; *Sholes v Meagher*, 100 NY2d 333, 334), we nevertheless treat the notice of appeal as an application for leave to appeal, and we grant the application in the interest of justice (*see Matter of Walker v Bowman*, 70 AD3d 1323, 1323-1324).

With respect to the merits, we conclude that the court abused its discretion in imposing sanctions against the law firm of defendants' attorney. Although the circumstances of the accident established that defendant Arlee Ellis was the more culpable party, "there can be more

than one proximate cause of an accident, and . . . the fact that [a driver] failed to stop at [a] stop sign is not dispositive of the issue [of the comparative negligence of the other driver]" (*Deshaies v Prudential Rochester Realty*, 302 AD2d 999, 1000; *see Cox v Nunez*, 23 AD3d 427, 427). Even where, as here, a driver negligently fails to yield the right-of-way, an oncoming driver may be guilty of some degree of comparative negligence where, e.g., he or she had time to take evasive action but failed to do so (*see e.g. Dorr v Farnham*, 57 AD3d 1404, 1405-1406; *Cooley v Urban*, 1 AD3d 900, 901). We thus conclude that the pursuit of the defense by defendants' attorney was not frivolous, and we note in particular that plaintiffs did not move for summary judgment seeking dismissal of it.