# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**608**

**CA 12-01158**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

JOANNE N. STUBBS, PLAINTIFF-APPELLANT,

V                                                 MEMORANDUM AND ORDER

JOHN A. CAPELLINI, III, DEFENDANT-RESPONDENT,
RALPH J. FREETLY AND ABF FREIGHT SYSTEM, INC.,
DEFENDANTS.
(APPEAL NO. 1.)

---

HOGAN WILLIG, PLLC, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM, LLP, BUFFALO (CARLTON K. BROWNELL, III, OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Niagara County
(Ralph A. Boniello, III, J.), entered March 21, 2012. The judgment
dismissed the complaint against defendant John A. Capellini, III, upon
a jury verdict.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover
damages for personal injuries she sustained in an automobile accident
that occurred while she was traveling on the New York State Thruway in
the Town of Hamburg, New York. Plaintiff's suit stems from three
separate automobile accidents that occurred shortly after midnight on
November 18, 2007. The facts are largely undisputed. The first
accident involved defendant John A. Capellini, III, whose pickup truck
and horse trailer slid on ice on a thruway overpass when he applied
his brakes after seeing the brake lights of a vehicle ahead of him.
When his truck came to a stop in the median, he observed that the
horse trailer, which had detached from his truck, was blocking the
left lane of the thruway. Capellini exited his vehicle and proceeded
to warn other vehicles about the accident. He noticed for the first
time while standing on the pavement that it was icy. The second
accident involved defendant Ralph J. Freetly, an employee of defendant
ABF Freight System, Inc. (ABF), who was driving a tractor trailer in
the right lane of the thruway as he approached the Capellini accident.
Freetly applied his brakes when he saw two tractor trailers stopped on
the right shoulder with their flashing lights on and started to brake
more firmly after seeing someone in front of the horse trailer waiving
a flashlight. As he braked, the rear trailer of his truck slid and

struck one of the tractor trailers parked on the right shoulder, causing the contents of Freetly's trailer to spill onto the road. Freetly testified that he had not encountered any ice on the thruway from the time he passed the Pennsylvania border until the time he reached the overpass where Capellini's accident occurred. The third accident involved plaintiff, who has no recollection of the accident. A non-party witness testified that, as plaintiff was traveling over the overpass, plaintiff applied her brakes, and her vehicle spun around and struck the guardrail twice. The witness testified that he noticed that the overpass was icy, but that he could not see any ice even as he stood on it.

Following a trial, the jury returned a verdict finding that Capellini, Freetly and plaintiff were not negligent. ABF thus also was not negligent inasmuch as the basis for its liability was vicarious only. Thereafter, plaintiff moved pursuant to CPLR 4404 (a) to, inter alia, set aside the verdict as against the weight of the evidence and for a new trial. In appeal No. 2, plaintiff appeals from an order denying her motion. In appeal Nos. 1 and 3, plaintiff appeals from judgments that, inter alia, dismissed the complaint, respectively, against Capellini and against Freetly and ABF upon the jury verdict of no cause of action. We note at the outset that, inasmuch as the order in appeal No. 2 is subsumed in the judgments in appeal Nos. 1 and 3, we dismiss plaintiff's appeal from the order in appeal No. 2 (*see Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435, 435; *see also* CPLR 5501 [a] [1]).

In the remaining appeals, plaintiff contends that Supreme Court erred in denying her posttrial motion inasmuch as the verdict is against the weight of the evidence. We reject that contention. It is well established that "[a] motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964; *see Kuncio v Millard Fillmore Hosp.*, 117 AD2d 975, 976, *lv denied* 68 NY2d 608; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Here, there was no such preponderance of the evidence in favor of plaintiff. As an initial matter, we note that plaintiff raised for the first time in her reply brief the contention that the emergency doctrine was improperly charged at trial, and thus that contention is not properly before us (*see O'Sullivan v O'Sullivan*, 206 AD2d 960, 960-961). Additionally, we conclude that a fair interpretation of the evidence presented here would allow the jury to conclude that, (1) in appeal No. 1, Capellini did not know the overpass was icy, that his reactions before and after the accident were reasonable and that he was not negligent; and that, (2) in appeal No. 3, Freetly's conduct in slowing down as he approached the first accident and attempting to steer his vehicle clear of the horse trailer and the vehicles on the right shoulder was reasonable under the circumstances (*see generally DiSalvo v Hiller*, 2 AD3d 1386, 1387).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court