# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

175
CA 13-01330
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

ULYSSES JOHNSON, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

TIME WARNER ENTERTAINMENT AND WILLIAM E. LONKEY,
DEFENDANTS-RESPONDENTS.

---

STANLEY LAW OFFICES, LLP, SYRACUSE (H.J. HUBERT OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BOND SCHOENECK & KING, PLLC, SYRACUSE (J.P. WRIGHT OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered June 12, 2013 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained when the truck in which he was a passenger was struck by a van driven by defendant William E. Lonkey. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants met their initial burden "by establishing that [Lonkey] was driving within the speed limit, that he did not have time to avoid the collision, and that plaintiff was entering the roadway from a parking lot" (*Rak v Kossakowski*, 24 AD3d 1191, 1191). Defendants submitted the affidavit of Lonkey, who averred that he was not speeding and that, when he saw the truck pulling out of the parking lot, he applied the brakes and attempted to steer to the right and the left but was unable to avoid the collision. He averred that "[t]here was virtually no time between when I first saw the truck and when the collision occurred[,] and there was nothing I could have done to avoid the collision." Defendants also submitted plaintiff's deposition testimony. Although plaintiff initially testified that he first saw the van driven by Lonkey "before it got to the bushes," he later testified that, when his coworker started to pull out of the parking lot, plaintiff "didn't see no van, no truck, period." He heard "a skid, 'errrr,' and boom, that was it."

In opposition to the motion, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d

557, 562). Plaintiff relies on his testimony at his deposition that Lonkey was speeding, but plaintiff testified that he believed that Lonkey was speeding based on the length of the skid mark and the fact that the collision caused the truck to flip over. Plaintiff was not qualified as an expert, and therefore his opinion that Lonkey was speeding based on the skid mark and force of the collision is speculative and without any probative value (*see Stewart v Kier*, 100 AD3d 1389, 1390). Moreover, even assuming, arguendo, that plaintiff's testimony raises a triable issue of fact whether Lonkey was speeding, we conclude that there was no triable issue raised whether Lonkey could have done anything different to avoid the collision (*see Daniels v Rumsey*, 111 AD3d 1408, 1410; *Simmons-Kindron v 1218770 Ontario Inc.*, 93 AD3d 1215, 1216). Indeed, we note that, when plaintiff was asked at his deposition whether his coworker took any action to avoid the collision, he responded, "what could you do? It was too late." Contrary to plaintiff's contention, the affidavit of his expert did not raise a triable issue of fact inasmuch as it was speculative and conclusory regarding Lonkey's speed and whether he could have avoided the collision (*see Shanahan v Mackowiak*, 111 AD3d 1328, 1330; *Lescenski v Williams*, 90 AD3d 1705, 1706, *lv denied* 18 NY3d 811).

All concur except WHALEN, J., who dissents and votes to reverse in accordance with the following Memorandum: I respectfully dissent because I conclude that plaintiff raised triable issues of fact through the conflicting, and in some respects similar, statements of defendant William E. Lonkey and plaintiff regarding, inter alia, Lonkey's speed, the distance at which Lonkey first saw the truck in which plaintiff was a passenger, and the time Lonkey had to stop or take evasive action. I would therefore reverse the order, deny defendant's motion for summary judgment, and reinstate the complaint.

Lonkey stated in an affidavit and testified at his deposition that he was traveling 30 to 35 miles per hour in a 35 mile per hour zone and first saw the truck in which plaintiff was a passenger after he rounded the bend, three to four seconds before impact. Plaintiff testified at his deposition that he first noticed Lonkey's van before it reached the bushes as it was coming around the bend, when he heard a screech, five or more seconds before impact. The three-, four-, or five-second estimates are similar, and this Court has refused to grant summary judgment to drivers with the right-of-way who had only seconds to react (*see e.g. DeBrine v VanHarken*, 83 AD3d 1437, 1438; *Strasburg v Campbell*, 28 AD3d 1131, 1132; *Deshaies v Prudential Rochester Realty*, 302 AD2d 999, 1000; *Lints v Fiore*, 302 AD2d 1010, 1010).

Lonkey further stated in an affidavit and testified at his deposition that he did not see the truck in which plaintiff was a passenger until it was approximately 10 feet away, at which point he "immediately applied the brakes," resulting in skid marks. Plaintiff testified at his deposition that the bushes, beyond which he first saw Lonkey, were 20 feet from his position and Lonkey's skid marks were 20 feet long. Lonkey's and plaintiff's 10- to 20-foot estimates are comparable, and those distances do not necessarily foreclose a finding that Lonkey did not act reasonably (*see generally DeBrine*, 83 AD3d at 1438; *Cooley v Urban*, 1 AD3d 900, 901; *Deshaies*, 302 AD2d 999; *King v*

*Washburn*, 273 AD2d 725, 726).

Moreover, even assuming, arguendo, that Lonkey was traveling 30 or 35 miles per hour, I conclude that the parties' time estimates are inconsistent with their estimates regarding the distance at which Lonkey would have first been able to react. If Lonkey and plaintiff saw each other three to five seconds before impact, that would have placed Lonkey well beyond 20 feet and within the 100- to 200-foot range provided by plaintiff's expert. While Lonkey testified that he immediately applied his brakes, plaintiff testified that the skid marks were only 20 feet long. On the other hand, if Lonkey's and plaintiff's estimates of distance are credited, then Lonkey had only fractions of a second to react. Issues of credibility are to be resolved by the trier of fact (*see generally Black v Chittenden*, 69 NY2d 665, 669), and a jury could find that Lonkey had more than 100 feet to react by honking, steering and/or braking, or that Lonkey had mere fractions of a second to react.

Of course, plaintiff disputes that Lonkey was traveling at or below the speed limit. Plaintiff testified at his deposition that Lonkey was speeding; he was able to observe Lonkey's van before impact, the length of the skid marks, and the condition of the truck after the accident; and he felt the force of the impact (*see Nevarez v S.R.M. Mgt. Corp.*, 58 AD3d 295, 296-298). Lonkey testified that he braked and attempted to steer around the front of the truck, but it sped up, so he attempted to steer around the back of it. Lonkey "maneuvered pretty quickly" and hit the truck with the corner of his van, indicating that if the truck had stopped, he "would have went right around the front of [it]." Lonkey did not remember sounding his horn. Plaintiff claimed that the driver of the truck in which he was a passenger did not take any action to avoid the collision. Thus, viewing the facts in the light most favorable to plaintiff (*see Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 340), I conclude that there are questions of fact concerning Lonkey's speed and whether Lonkey may have been able to avoid the accident if he had been traveling at a lower speed (*cf. Daniels v Rumsey*, 111 AD3d 1408, 1410). " '[I]ssue-finding, rather than issue-determination, is the key to' " determining a summary judgment motion (*Wilk v James*, 107 AD3d 1480, 1485).

                                        Frances E. Cafarell

Entered:  March 28, 2014

                                        Clerk of the Court