# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

550
CA 13-01816
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

MARLYN PRZESIEK AND ROBERT A. PRZESIEK,
CLAIMANTS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 112217.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.

HALL, RICKETTS, MARKY & GURBACKI, P.C., EAST AURORA (ROBERT H. GURBACKI OF COUNSEL), FOR CLAIMANTS-RESPONDENTS.

---

Appeal from a judgment of the Court of Claims (Michael E. Hudson, J.), entered December 19, 2012. The interlocutory judgment apportioned liability for negligence after a trial.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimants commenced this action against defendant, the State of New York (State), seeking damages for injuries that Marlyn Przesiek (claimant) sustained in a motor vehicle accident that occurred at the intersection of Bullis Road and Two Rod Road in the Town of Marilla. At the time of the accident, claimant was a passenger in a vehicle operated by Mary Ann Kiczewski. While traveling east on Bullis Road, a county road, Kiczewski stopped at the intersection of Two Rod Road, a State-owned highway. There was a stop sign and a flashing red traffic light facing motorists on Bullis Road as they approached the intersection, which is regulated by the State. After coming to a complete stop and then entering the intersection, Kiczewski's vehicle was struck on the passenger's side by a dump truck operated by Richard Martin, who was traveling north on Two Rod Road and faced a flashing yellow traffic light at the intersection. Kiczewski evidently did not see the approaching truck, and claimant, sitting in the front passenger's seat, sustained severe injuries in the accident, rendering her totally disabled.

Claimants alleged in their claim that the State negligently maintained the intersection. Following a nonjury trial on the issue of liability, the Court of Claims determined that the State was negligent in allowing dangerous sight-line and sight-distance problems to exist at the intersection; in placing the stop sign on Bullis Road

too far from the intersection, thereby making it difficult for stopped motorists to see northbound vehicles on Two Rod Road; and in failing to reduce the speed limit on Two Rod Road. The court thereafter apportioned fault at 70% for Kiczewski, 20% for the State, and 10% for Martin, and indicated that it would schedule a separate trial on the issue of damages. That trial has not yet been conducted. We now affirm.

We note at the outset that the State's contention that the stop sign was not negligently placed is not properly before us inasmuch as it is raised for the first time in its reply brief (*see Becker-Manning, Inc. v Common Council of City of Utica*, 114 AD3d 1143, 1144; *see Stubbs v Capellini*, 108 AD3d 1057, 1059). We reject the State's contention that claimants failed to meet their burden of establishing that its negligence was a proximate cause of claimant's injuries. "In order to prevail at trial in a negligence case, a [claimant] . . . is not required to exclude every other possible cause, but need only offer evidence from which proximate cause may be reasonably inferred" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550). Here, based on our review of the record, we conclude that a fair interpretation of the evidence supports the court's determination that the State's failure to remedy a known dangerous condition at the intersection was a substantial factor in bringing about the accident (*see generally Brown v State*, 79 AD3d 1579, 1582).

Although it is true, as the State contends, that the accident was caused primarily by the negligence of Kiczewski, who failed to yield the right-of-way to the truck, it is well settled that there may be more than one proximate cause of the accident (*see Aloi v Ellis*, 96 AD3d 1564, 1565; *Anastasi v Terio*, 84 AD3d 992, 992), and it cannot be said on this record that Kiczewski's negligence, or that of Martin, was a superseding cause of the accident that severed any causal connection between claimant's injuries and the State's negligence (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784). Because claimants proved that the State's negligence "increased the likelihood of an accident," we conclude that the court properly determined that the State's negligence was a "concurring cause" of the accident (*Vasquez v Figueroa*, 262 AD2d 179, 182).

Finally, for the reasons stated by the court in its decision, we reject the State's contention that claimants failed to prove by a preponderance of the evidence that it was negligent in failing to reduce the speed limit on Two Rod Road before it intersects with Bullis Road.

Entered: June 13, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court