# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1240**
**CA 16-00653**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

SYDNEY H. RAIT, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MATTHEW D. SHEEHAN AND SMITH & NEPHEW, INC.,
DEFENDANTS-RESPONDENTS.

---

LEWIS & LEWIS, P.C., BUFFALO (DAVID M. BLOCK OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN WALLACE, BUFFALO (LEO T. FABRIZI OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (James H.
Dillon, J.), entered June 30, 2015.  The order granted the motion of
defendants for summary judgment and dismissed the amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action to recover damages
for injuries that she allegedly sustained in a motor vehicle accident
in the Town of Amherst.  The accident occurred when a vehicle driven
by Matthew D. Sheehan (defendant) struck the driver's side of
plaintiff's vehicle while plaintiff was attempting to make a left turn
from a parking lot onto Sheridan Drive.

We conclude that Supreme Court properly granted defendants'
motion for summary judgment dismissing the amended complaint.
Defendants met their initial burden " 'by establishing that
[defendant] was driving within the speed limit, that he did not have
time to avoid the collision, and that plaintiff was entering the
roadway from a parking lot' " (*Johnson v Time Warner Entertainment*,
115 AD3d 1295, 1295; *see generally* Vehicle and Traffic Law § 1143),
and in response plaintiff failed to raise an issue of fact (*see
generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In
particular, plaintiff failed to raise an issue of fact whether
defendant was traveling in excess of a reasonable speed under the
circumstances by her submission of a witness statement that
defendant's "speed was at least" that of the posted speed limit (*see
generally* § 1180 [a]).  Contrary to plaintiff's contention, the fact
that defendant may have been traveling at such a speed "is
inconsequential inasmuch as there is no indication that [he] could
have avoided the accident even if [he] had been traveling at a speed

. . . below the posted speed limit" (*Daniels v Rumsey*, 111 AD3d 1408, 1410; *see Heltz v Barratt*, 115 AD3d 1298, 1299, *affd* 24 NY3d 1185).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court